**STATE, Plaintiff, v. SELBY, Defendant.**

Common Pleas Court, Franklin County.

Nos. 34978, 34979 and 34980. Decided February 9, 1955.

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for plaintiff.

James C. Britt, Milton L. Farber; Columbus, for defendant.

## OPINION

By BARTLETT, J.

Plea in abatement to each count of the indictment in the above cases, on the ground that no competent evidence was before the Grand Jury as shown by the list of witnesses before it on which to base the indictments returned by the Grand Jury, is hereby overruled.

Such plea in abatement does not set up a defect in the record by facts extrinsic thereto, for the following reasons:

1. It is not necessary that the record show the names of all witnesses before the Grand Jury.

2. There is no means of determining the knowledge on the part of the grand jurors which would warrant the return of such indictments.

3. The accused is not entitled to know the evidence before the Grand Jury on the presentation of his case  It is the policy of the law, in furtherancce of justice that the preliminary inquiry before a Grand Jury should be conducted in secret.

4. Where an indictment of the Grand Jury is regular upon its face, there is a conclusive presumption that there was sufficient evidence to warrant the indictment; therefore, no evidence will be received, for the purpose of vitiating such indictment, either from the Grand Jurors, or the witnesses before them, or from any other person required by law to be present, as to the evidence given on such inquiry of the Grand Jury; and, consequently even the Court itself cannot inquire whether there was sufficient evidence before the Grand Jury to warrant its return of the indictments in question.

See the well reasoned opinion of Gorman, J., in the case of State v. Schroder, et al., 16 N. P. (N. S.), 265; **State v. Rhoades, 81 Oh St 397**; State v. Woolard et al., 12 N. P. (N. S.), 395; **Turk v. State, 7 Ohio, Part II, p. 240.**

Plea in abatement overruled.